ROBERT JAMES CARTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carter v. Commissioner
Docket No. 12404-78.
United States Tax Court
T.C. Memo 1980-249; 1980 Tax Ct. Memo LEXIS 333; 40 T.C.M. (CCH) 654; T.C.M. (RIA) 80249; July 15, 1980, Filed Robert James Carter, pro se. Nancy J. Bateman, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1975 in the amount of $195. The only issue for decision is whether $1,073.01 in wages for services rendered during November and December 1974 but not received by petitioner until 1975, were constructively received by petitioner in 1974 within the meaning of section 451. [1]
*334 All of the facts have been stipulated and are found accordingly. The stipulation of facts, together with the exhibitis attached thereto, is incorporated herein by this reference. At the time of the filing of the petition in this case, petitioner Robert J. Carter resided in New York City. He reported his income for 1975 as a cash basis taxpayer. Mr. Carter was unemployed from January through September 1974. He began working for the city of New York as a laboratory technician in the Office of the Chief Medical Examiner in October 1974. Several weeks later, he transferred to the City Health Department. Petitioner worked as a laboratory technician at the Health Department also, with the added benefit of a permanent job title. He received continuous service credit for the time he was with the Chief Medical Examiner. Subsequent to Mr. Carter's transfer, there was a delay in processing his payroll checks, arising out of tardiness in forwarding his records from the Chief Medical Examiner and a backlog in payroll processing in the Health Department. Consequently, despite numerous protests and demands for his past due salary, Mr. Carter did not get paid for 6 weeks. He was paid *335 $1,073.01 in gross wages on January 3, 1975. This represented 4 weeks back pay ($715.34) and 2 weeks timely pay ($357.67). From this point, his paycheck was up to date. Had Mr. Carter received the 4 weeks back wages on time, in 1974, he would have owed no extra taxes. His total income for 1974 would have been $818.30. Petitioner was advised by an Internal Revenue employee who assisted him in preparing his 1975 Federal income tax return to exclude the $1,073.01 from his 1975 wages because it was attributable to 1974. Petitioner did so. Respondent assessed a $195 deficiency in petitioner's 1975 taxes. Petitioner contends that he constructively received the income in 1974, because the work was performed in 1974. He argues that he had a permanent job title, and the funds necessary to pay him were in the city budget. He argues that this constitutes constructive receipt since all that was necessary was for the city to transfer the funds from its budget to his budget. Respondent's position is that Mr. Carter must be taxed when he actually received the money in 1975. While we sympathize with petitioner's plight, we hold that there was no constructive receipt of income in 1974 *336 and petitioner must be taxed in 1975 when he was finally paid.
Petitioner is a cash basis taxpayer. All items which constitute gross income are to be included for the taxable year in which actually or constructively received. Section 1.446-1(c)(1)(i), Income Tax Regs. Constructive receipt is defined in section 1.451-2(a), Income Tax Regs., as follows: Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. * * * The petitioner did not have the free and unrestricted control of his wages prior to actual receipt that this Court has required in order to find constructive receipt. Hornung v. Commissioner,47 T.C. 428 (1967); *337 Cohen v. Commissioner,39 T.C. 1055 (1963). Indeed, he tried repeatedly to obtain his back wages during the month of December but was unsuccessful. His control over his wages was clearly subject to substantial limitations or restrictions. Their mere presence in the New York City budget is insufficient to find constructive receipt. Petitioner appears to recognize that this is the rule of law applicable to his case, but urges that we make an exception in his case that the average man would expect in view of the compelling equities involved. However, as we explained to petitioner at trial, the typical taxpayer expects to pay tax when he receives the income, because only then does he have the money in hand to make the payment. This is the essence of the cash system--an item is income when received and a deduction when paid--and it accords with the practical exigencies as well as obviates requiring the average taxpayer to deal with the complex concepts of more sophisticated accounting systems. Petitioner would have owed no tax on the income had he received it in 1974, rather than in 1975. But under the cash basis of reporting income, it is taxable in the year *338 received and not in the year producing the smallest tax burden. The rules are clear and must be so for the convenience of all citizens subject to the tax. While it is truly unfortunate that Mr. Carter became a victim of bureaucratic inefficiency, he clearly did not constructively receive the income in 1974, and as a cash basis taxpayer is taxable on the wages when he actually received them in 1975. We sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue.↩